UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>     vs.<br><br>GLYNNIE ANI,<br><br>         Defendant. | CR. NO. 21-00147 LEK |

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE PURSUANT TO
18 U.S.C. § 3582 (c)(1)(a)(i) [FILED 11/6/23 (DKT. NO. 56)]**

Defendant Glynnie Ani ("Ani") files the instant request for sentence reduction and compassionate release pursuant 18 U.S.C. § 3582(c)(1)(a)(i). See Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 (c)(1)(a)(i) ("Motion"), filed 11/6/23 (dkt. no. 56). Ani is currently in the custody of the Federal Bureau of Prisons ("BOP") at Safford FCI, a low security federal correctional institution, in Safford, Arizona, and has a release date of October 22, 2026. Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Jan. 4, 2024). Ani proceeds *pro se*. This Court therefore liberally construes his filings as a *pro se* plaintiff and affords him the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

For the reasons stated below, Ani's Motion is hereby denied.

## BACKGROUND

The facts of this matter arise out of the criminal complaint filed on March 4, 2021 against Ani alleging that he and another person distributed 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2(a). See Criminal Complaint, filed 3/4/21 (dkt. no. 1) (filed under seal). An information was filed on December 27, 2021 charging Ani with three counts: distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1); possession with intent to distribute (i) a quantity of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers; (ii) a quantity of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers; and (iii) a quantity of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2); and distribution for 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 3). See Information filed 12/27/21 (dkt. no.

38). Ani entered guilty pleas to Counts 1-3 on February 15, 2022; [Minutes: Waiver of Indictment; Arraignment and Plea of Guilty to the Felony Information as to Defendant Glynnie Ani held on 2/15/22, filed 2/15/22 (dkt. no. 44);] and he was sentenced on July 7, 2022, [Minutes: Sentencing to Count ONE (1), TWO (2) AND THREE (3) of the Felony Information as to defendant Glynnnie Ani held, filed 7/7/22 (dkt. no. 52).] Ani was sentenced to 87 months of imprisonment as to each count, to run concurrently and a term of supervised release of five years as to each count, to run concurrently. See Judgment in a Criminal Case, filed 7/12/22 (dkt. no. 54), at 3-4.

Ani requests compassionate release and sentence reduction based on extraordinary and compelling reasons. Specifically, he relies on his medical condition of stage three kidney disease which has "placed him on the 'High Risk List' for such[]" but "he has not received [the appropriate treatment] . . . ." [Motion at 5.] He also submits that his personal family circumstances merit compassionate release. He states that he has a teenage daughter who "was molested by her step-father . . . ." [and] for whom he was caring until "his incarceration [when] she had to be displaced and moved to the mainland . . . ." [Id. at 6.] In addition, Ani submits that, prior to incarceration, he cared for his son, who "has been diagnosed with autism, and [for whom he] was full time (sic) care giver . . . ." [Id.] He also

states that he was a care giver for his mother who "is diagnosed with severe COPD, a lung disease, and other leg and hip ailments." [Id., Exh. A, Attachment 6, Letter from Delia Kauhu; Attachment 7, Mother's Medical Records; Attachment 8, Letter from Mother's Primary Care Doctor; Attachment 9, Mother's Psychology Report; Attachment 10, Doctor's Opinion.] Ani submits that his three siblings cannot care for their mother; that he has the financial means and physical ability to care for their mother; and that he has a means of financial support for himself and his mother. [Id. at 7.]

Ani subsequently filed an additional memorandum on November 22, 2023. See Notice of Subsequent Facts in Support of Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) ("Memorandum"). [Dkt. no. 60.] He advised that his mother sadly died on November 5, 2023. [Id. at 2.] Ani submits that he withdraws his request to be released in order to care for his mother and modifies it so that he may assist his family with his mother's funeral and burial, and to include a request pursuant to "the recent amendment's (sic) to the guidelines at Amendment 821 of the provisions of USSG § 4A1.1(d)." [Id. at 3.]

Plaintiff United States of America ("the Government") opposes the Motion. See Government's Response in Opposition to Defendant's Motion for Compassionate Release/Reduction in Sentence Pursuant to § 3582(c)(1)(A) And The First Step Act of

2018 (ECF No. 56) ("Mem. in Opp."), filed 11/30/23 (dkt. no. 61). The Government points out that Ani has provided documentation that he has exhausted his administrative remedies with respect to his mother's medical condition; his own medical condition, involving chronic kidney disease; the availability of employment available to him upon release; and lack of incidence reports; his involvement in programming; and the ability to be an asset to an elderly individual upon release. [Id. at 10.] However, the Government argues that Ani fails to prove that he has exhausted administrative remedies with respect to treatment or housing that places him at the high risk of serious illness or death if afflicted with COVID-19; and that release will permit him to assist his family with the funeral and burial arrangements for his mother. [Id.] Consequently, the Government urges dismissal of the instant motion based on these two grounds for failure to exhaust administrative remedies.

The Government correctly notes that Ani has withdrawn his release request based upon family conditions, specifically, his mother's medical condition.

The Government contends that Ani has not demonstrated any extraordinary and compelling reasons for sentence reduction because Ani's medical conditions do not prevent him from being fully ambulatory and able to engage in activities of daily living; he has been offered but has refused COVID-19

vaccinations; BOP has made extensive changes to its operations to combat the spread of COVID-19; and the current status of his kidney disease is that he does not require dialysis and is improving from stage 3a to stage 2. [Id. at 12-14.] Moreover, the Government submits that a reduction of sentence is not justified based on Ani's § 3553(a) factors; specifically, his "convictions for multiple serious drug trafficking offenses while on supervision for other serious drug trafficking offenses," and because he has only served approximately one-fifth of his current sentence. [Id. at 15.]

Ani filed his reply on December 12, 2023. See Petitioner's Reply to the Government's Response to Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed 12/12/23 (dkt. no. 62) ("Reply"). Ani contends that he is not being treated at FCI Stafford; that FCI Stafford medical personnel are not medical experts; that he disputes that he is at "a mere Stage II," and to make that determination the Court should appoint a medical expert; that he was vaccinated while incarcerated at FDC Honolulu; that chronic kidney disease does not improve; and that he is not receiving adequate medical attention for Stage III chronic kidney disease. [Id. at 6-7.]

## DISCUSSION

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced. Dillon v.

United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c)). As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence. A sentence reduction is only permitted where there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The key term "extraordinary and compelling reasons" was not, however, defined. United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). The Sentencing Commission had provided guidance in its policy statement regarding the considerations for finding "extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1. However, the statement was not updated "since the First Step Act amended § 3582(c)(1)(A)." Aruda, 993 F.3d at 800. Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802

(citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

In the two years since Aruda was decided, the Sentencing Commission promulgated a new policy statement pertaining to reduction in imprisonment under § 3582(c)(1)(A), which became effective as of November 1, 2023. The policy statement expanded criteria for what can qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13. In pertinent part, it provides:

> **(a)** **In General.**-Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

**(b) Extraordinary and Compelling Reasons.**—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

   **(1) Medical Circumstances of the Defendant.**—

   **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   **(B)** The defendant is—

   **(i)** suffering from a serious physical or medical condition,

   **(ii)** suffering from a serious functional or cognitive impairment, or

   **(iii)** experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

   **(D)** The defendant presents the following circumstances—

   **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

>    **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
>    **(iii)** such risk cannot be adequately mitigated in a timely manner.
>
>  **(2) Age of the Defendant.**-The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

Id.

As the Government correctly points out, Ani has the obligation to provide evidence that he has exhausted her administrative remedies. He has shown exhaustion of administrative remedies for most of the reasons for which he now seeks sentence reduction. For purposes of the Motion, however, this Court will assume (without finding) that the exhaustion requirement has been met as to all reasons that Ani submits support his request. Ani next has the burden of demonstrating extraordinary and compelling reasons to justify sentence reduction. He does not.

Ani has documented medical conditions that are serious, such as chronic kidney disease, hyperlipidemia, and adjustment disorder with anxiety. [Mem. in Opp., Exh. A, Medical Records at PageID.353 (filed under seal).] BOP is providing him

with medical care, such as medication. There is no evidence that his medical conditions are deteriorating; that his medical conditions require long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death; or that his ability to care for himself has been seriously diminished. Nor is there evidence that there is a current disease outbreak in FCI Stafford that places him at risk of serious medical conditions or death. Therefore, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court cannot conclude that extraordinary and compelling reasons exist under the circumstances or a combination of the circumstances set forth in § 1B1.1.

   The Court does rely on BOP's medical records to reach its conclusions. Although Ani contends that BOP medical personnel are not medical experts and that the Court should appoint a medical expert before making any conclusions about his medical condition and whether he is receiving appropriate care, the Court is not aware of compelling legal authority supporting his contention. It therefore respectfully declines to adopt his reasoning.

   The Court commends Ani on the many certificates of completion attached to his Motion. Ani is actively seeking education and skills that will assist him upon his release and the Court looks forward to welcoming him back into our

community. His skills and insights will be a great benefit to our community as well as a great help to his loved ones.

Having liberally considered Ani's arguments, the Court concludes that he has not demonstrated any extraordinary and compelling reason for the granting of compassionate release. In exercising its discretion in ruling on the Motion, the Court has taken into consideration the factors set forth in U.S.S.G. § 1B1.13 but, as explained more fully in <u>Aruda</u>, it does not find the United States Sentencing Commission's statements as binding upon it in reaching its decision that Ani does not present extraordinary and compelling reasons to support early release. Accordingly, the Motion is denied.

## **CONCLUSION**

For the foregoing reasons, Ani's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) ("Motion"), filed 11/6/23 (dkt. no. 56), is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 4, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>**United States v. Ani**</u>; CR 21-000147 LEK; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(a)(i) [FILED 11/6/23 (DKT. NO. 56)]